Fernando Alvarez, demandante y apelado, *v.* Lino García, Alcalde, y la Asamblea Municipal de Isabela, demandados y apelantes.

No. 5853.  *Sometido:* Noviembre 16, 1931.  *Resuelto:* Noviembre 20, 1931.

Sᴇɴᴛᴇɴᴄɪᴀ de *E. S. Mestre,* J. (Àguadilla), declarando con lugar solicitud de *mandamus,* con costas.

*Bolívar Pagán,* abogado de los apelantes; *V. M. Fernández,* abogado del apelado.

Eʟ Jᴜᴇᴢ Aꜱᴏᴄɪᴀᴅᴏ SᴇÑᴏʀ Aʟᴅʀᴇʏ, emitió la opinión del tribunal.

La parte apelada en este recurso solicita de nosotros que desestimemos la presente apelación, entre otros motivos, por ser frívola.

El apelado estableció en 27 de abril, 1931, un procedimiento de *mandamus* en la Corte de Distrito de Aguadilla contra la Asamblea Municipal de Isabela y contra el alcalde para que se les ordenara que incluyeran en el presupuesto ordinario del año económico de 1931 a 1932 cantidad para pagarle un crédito que tiene contra dicho municipio. Los demandados aceptaron en su contestación que ese crédito fué reconocido por sentencia firme a favor de don Manuel Tous Soto y en la vista de la petición aceptaron, según dice la corte inferior, que tal crédito fué cedido al apelado quien notificó la cesión a los demandados y que éstos fueron requeridos por el cesionario en 11 de marzo y en 4 de abril de 1931 para que fuese incluído en el expresado presupuesto ordinario. En 28 de mayo de 1931 la Corte de Distrito ordenó a los demandados que incluyeran ese crédito en dicho presupuesto y se interpuso esta apelación.

██ La Ley Municipal de 1928, página 371, dispone en su artículo 42 lo siguiente.

"Art. 42.—Los municipios no podrán asignar en sus presupuestos cantidad alguna para el pago de sueldos, sin que antes se hayan consignado por su orden los créditos necesarios para las siguientes atenciones:

"(a) Deudas por capital e intereses vencidos o que hubieren de vencerse dentro del año económico para el cual se forma el presupuesto, que no tenga fondos especialmente asignados para su amortización, mediante contribución especial;

"* * * * * * *"

Ese precepto demuestra que los municipios tienen el deber impuesto por la ley de consignar en sus presupuestos las deudas que tengan, sin dejarle discreción para no hacerlo, por lo que el auto de *mandamus* es procedente para obligarlos a cumplir ese deber; y como en este caso no se alegó que el crédito cedido al apelante tenga fondos especialmente asignados para su amortización mediante contribución especial, que es la única excepción consignada en el precepto de ley copiado, resulta claro que esta apelación es frívola y que *debe ser desestimada.*